**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel ALCARAZ–TORRES, Defendant–Appellant.**

No. 01–50405.

D.C. No. CR–96–00728–GT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM**

Manuel Alcaraz–Torres appeals the revocation of the supervised release portion of his sentence. We lack jurisdiction and dismiss.

Alcaraz–Torres contends that 18 U.S.C. § 3583(e)(3), the code section authorizing revocation of supervised release, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further contends that there was insufficient evidence to find that he violated the terms of his supervised release by reentering the United States.

Because Alcaraz–Torres has completed his sentence on revocation of supervised release there is no justiciable case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (declining to presume that revocation of parole creates collateral consequences sufficient to extend standing beyond expiration of the sentence); *cf. United States v. Palomba*, 182 F.3d 1121, 1123 & n. 3 (9th Cir.1999) (stating that a defendant lacks standing to challenge a completed sentence where he does not challenge the underlying conviction).[1]

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All pending motions are denied.